UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHISOM AZUBUKO, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-10479-GAO |
| | ) | |
| SHERIFF ANDREA J. CABRAL, | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

On March 23, 2010, Petitioner's putative parents, Precious Okereke and Chukwuma Azubuko[1] filed, on behalf of their son Chisom Azubuko ("Chisom"), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the standard § 2254 form, along with a Memorandum of Law (Docket No. 2), and the $5.00 filing fee.

Petitioner's parents challenge their son's conviction on March 18, 2010 in the Dorchester District Court for possession of a Class B substance and possession within 100 feet of a school zone. The petition indicates that Chisom did not pursue any state appellate avenues. The petition also indicates the grounds for habeas relief include an allegation of illegal search and seizure, and prior false charges.

It is clear from the petition, however, that, although there is an illegible signature purportedly of Chisom, the petition was, in fact, filed and signed by either Precious Okereke or Chukwuma Azubuko. Indeed, the petition references the inability of the parents to obtain access to Chisom in the Nashua Street Jail in order to have him sign documents.[2] Moreover, on

---

[1]The relationship of the parties is not entirely clear. The Court notes, however, that Chukwuma Azubuko is a frequent filer in this Court and has been enjoined from filing civil actions in this Court absent prior permission of a judicial officer.

[2]It is unclear whether this allegation relates to the ability of Chisom to sign the instant habeas petition or whether this reference pertains to a removal action previously brought by Chisom on May 4, 2009 seeking to remove his criminal prosecution from the Brighton District Court where he was charged with three state-law misdemeanor offenses (disorderly conduct,

information from the District Court Clerk's Office, it appears that Chukwuma Azubuko appeared in person at the District Court Clerk's Office on March 23rd or 24th to file the instant petition (or pay the filing fee) and it was made known at that time that the petition was not signed by Chisom.  Chukwuma Azubuko told the intake clerk that he had power of attorney to sign on behalf of Chisom and insisted that this action be opened on the Court's dockets.

The Memorandum accompanying the petition is substantially incoherent.  From what can be gleaned, it appears that Precious Okereke is styled as the "Plaintiff" and attempts to assert various alleged constitutional deprivations leading to Chisom's conviction.

DISCUSSION

I.     The Petition is Subject to Review

Because this petition was brought pursuant to 28 U.S.C. § 2254, it is subject to preliminary review before directing service of the petition.  Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face);  Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994).

Here, in conducting a review, the habeas petition is construed generously.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de

---

possession of a firearm on school property, and disturbance of school).  See Commonwealth of Massachusetts v. Azubuko, Civil Action No. 09-10136-RGS.  Judge Stearns remanded the action.  See Memorandum and Order (Docket No. 3, dated May 21, 2009).

Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Notwithstanding a broad construction, this petition shall be DISMISSED *sua sponte* without prejudice for the reasons discussed below.

II.    A Non-Attorney May Not Represent the Petitioner

As noted above, it appears that Precious Okereke and/or Chukwuma Azubuko are attempting to bring this habeas petition on behalf of Chisom under a purported "power of attorney."  The Court will not permit these non-attorneys to represent Chisom in this Court for a number of reasons.  First, Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that the petition must: "be signed under the penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."  Id.  Section 2242 provides that: "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  Id.  Here, no written "power of attorney" or any other similar documentation has been provided to this Court showing the Chisom has consented to his parents pursuing this habeas action and signing the petition on his behalf.[3]

Second, because the filing of a § 2254 petition by non-attorneys (who are not skilled in the law nor well-versed in the English language) might have prejudicial consequences to Chisom, the Court will require some evidence of the voluntariness by Chisom of the filing of a habeas petition.

Third, while the Court cannot prohibit a petitioner from seeking legal assistance on his own from whatever source he chooses, this does not mean that a non-attorney may practice law in this Court.  Section 1654 of Title 28 of the United States Code, does not allow unlicenced lay-people to represent other individuals.  See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D.

---

[3]Further, there is no evidence of any legal guardianship of Chisom, or that he is a minor.

3

Mass. 1994);  Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2nd Cir. 1991); 28

U.S.C. § 1654.  See also Local Rule 83.5.3(c). ("A person who is not a member of the bar of this

court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice

before the court only on his own behalf.").[4]

 Accordingly, this habeas action shall be DISMISSED without prejudice.  If Chisom

intends to seek habeas relief, then he must file a § 2254 petition signed under the penalties of

perjury or signed by a person authorized to represent him.  Any person signing the petition on his

behalf must also submit written proof of authorization to do so, and any signatory's signature

must be legible.

III. Failure to Exhaust State Remedies

 As an additional ground for *sua sponte* dismissal, the Court finds that, as presented, the

petition does not set forth any cognizable habeas claims.  While the Memorandum in support of

the petition arguably sets forth claims concerning the legality of the search of Chisom's car, the

voluntariness of his testimony, the denial of the right to confront witnesses against him, and

other due process violations in connection with his trial, the pleadings as a whole fail to set forth

---

 [4]Were the Court to permit Precious Okereke or Chukwuma Azubuko to appear in this
action on behalf of Chisom, the unauthorized practice of law would be sanctioned.  See, e.g.,
Kapp v. Booker, 2006 WL 385306,*2 (E.D. Ky. 2006).  In Kapp, the plaintiff was a prisoner.
Pursuant to a power of attorney given to her by the plaintiff, his wife filed a civil rights
complaint on plaintiff's behalf.  The Kapp Court addressed the issues raised by the power of
attorney, and stated:

> While an individual may represent themselves *pro se,* that is, without the benefit
> of counsel, all states have laws prohibiting a person who is not a lawyer from
> representing another person in a legal proceeding. While the power of attorney
> gives Ms. Kapp legal standing to assert claims owned by her husband on his
> behalf, it does not authorize her to practice law by representing another person,
> her husband, in a lawsuit: that must still be done by a licensed attorney.

Kapp, 2006 WL 385306 at *2 (emphasis added).  See Estate of Keating v. Biddle, 316 F.3d 7, 14
(1st Cir. 2002) ("In order to effectively exercise the powers granted to him, the holder of a power
of attorney may often need to retain counsel.").

habeas claims showing that Chisom's current custody is unlawful, because he has failed to exhaust his available state remedies.

Section 2254(b)(1) provides that: "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State.... 28 U.S.C. § 2254(b)(1)(A).  See Kholi v. Wall, 582 F.3d 147, 154 (1st Cir. Sept. 23, 2009) ("The exhaustion requirement gives state courts the initial opportunity to correct errors otherwise cognizable in federal habeas proceedings.") (citations omitted); Dutil v. Murphy, 550 F.3d 154 (1st Cir. 2008) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'") quoting Josselyn v. Dennehy, 475 F.3d 1, 2-3 (1st Cir.2007) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995));

On its face, the instant petition indicates that Chisom has not exhausted his state court remedies, and there is no indication that state remedies are not available to him.  In view of the failure to exhaust state remedies, this petition for writ of habeas corpus is DENIED without prejudice to renew after exhaustion of available state remedies.[5]

_____

[5]To the extent that the pleadings also seek civil redress under 42 U.S.C. § 1983 for alleged constitutional violations, Precious Okereke and Chukwuma Azubuko, as non-attorneys, may not pursue those claims on behalf of Chisom, nor are they legally cognizable at this juncture.  See Heck v. Humphrey, 512 U.S. 477 (1994).  Under the favorable termination rule as set forth in Heck and its progeny, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486-87 (footnote omitted).  Without such a showing of a favorable termination, a person's cause of action under § 1983 has not yet accrued.  Id. at 489.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED without prejudice, and this action is DISMISSED in its entirety.

SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: March 25, 2010